# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADRIANNA JARRETT and MARY NGETHE** individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>**[24]7.AI, INC**.,<br><br>     Defendant | Case No.:  23-cv-00677-EMC<br><br>**[PROPOSED]** ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT AND OTHER RELATED RELIEF<br><br>Honorable Edward M. Chen<br><br>Complaint Filed: February 15, 2023<br><br>Final Approval Hearing: November 26, 2024 at 3:30 p.m. |

   This matter has come before the Court on the unopposed motion by Plaintiffs Adrianna Jarrett and Mary Ngethe ("Plaintiffs"), on behalf of themselves and similarly situated hourly-paid individuals engaged as customer service representatives with Defendant [24]7.ai, Inc. ("Defendant") (together, the "Parties"), for final approval of the Parties' Collective and Class Action Settlement Agreement and Release (hereinafter "Agreement" or "Settlement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C section 201, *et seq*.

   Plaintiffs, without opposition by Defendant, seek an Order (1) certifying a class for settlement purposes under the Federal Rules of Civil Procedure, Rule 23 (hereinafter "Rule 23") and certifying a FLSA collective for settlement purposes under 29 U.S.C. § 201, *et seq.* (as defined in the Parties' Agreement); (2) finally approving the Parties' Agreement; (3) appointing Plaintiffs Adrianna Jarrett and Mary Ngethe as Class Representatives for the Class/Collective and Plaintiffs' counsel as Class Counsel; and (4) awarding fees to the third-party Settlement Administrator Atticus Administration, LLC.

By way of separate motion [ECF No. 95], Plaintiffs' sought approval of Class Counsel's attorneys' fees and litigation expenses, as well as incentive awards to the Class Representatives.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and FINDS, CONCLUDES, and ORDERS as follows:

1. Pursuant to the Preliminary Approval Order, a Notice of Class Action and Proposed Settlement (accompanied with a Class Member Information Sheet and an Opt Out Request form) was sent to each Class/Collective Member by first-class mail. These papers informed Class/Collective Members of the terms of the Settlement, their right to submit a FLSA opt-in form; their right to receive Settlement Payments, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. Additionally, zero Class Members chose to opt out from the Settlement. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class/Collective Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class/Collective, as defined in the definitions section of the Settlement Agreement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class/Collective is finally approved and certified as a class for purposes of the Settlement.

3. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class/Collective and to each Class/Collective Member and that the Class/Collective Members who did not timely submit valid opt out request forms in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement

1  Agreement should be and hereby are ordered to be consummated.

2      4.    The Court finds and determines that the Settlement Payments to be paid to the Class/Collective Members as provided for by the Settlement Agreement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net Settlement Amount in accordance with the Settlement Agreement.

    5.    The Court finds and determines that the fees of Atticus Administration, LLC, in administrating the Settlement, in the amount of $36,744, are fair and reasonable. The Court hereby gives final approval to and orders that amount be paid out of the Net Settlement amount in accordance with the Settlement Agreement.

    6.    ~~The Court determines by separate order the request by Plaintiffs and Class Counsel with respect to Class Representative Incentive Awards and the Class Counsel's Attorneys' Fees and Litigation Expenses.~~ The Court grants attorneys' fees in the amount of $330,000; litigation expenses in the amount of $36,157.75; and incentive awards in the amount of $6,000 (*i.e.*, $3,000 to each Named Plaintiff).

    7.    Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement Agreement.

    8.    Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this order, including the requirement that Defendant make payments to the Class/Collective Members in accordance with the Settlement Agreement.

    9.    Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

    10.    Pursuant to the Settlement, Plaintiffs and all Class/Collective Members who did not timely submit opt out request forms are permanently barred from prosecuting against Defendant, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts, and all of its employees (current and former), directors, board members, officers, agents, attorneys, shareholders, partners, managers, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Agreement.

11. The parties are hereby ordered to comply with the terms of the Settlement Agreement.

12. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class and Collective Action Settlement and Other Related Relief entered on July 22, 2024, and this order.

13. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

14. The Parties will bear their own costs and attorneys' fees except as otherwise provided by ~~the Court's~~ this order ~~granting Class Counsel's Attorneys' Fees and Litigation Expenses~~.

**IT IS SO ORDERED.**

Dated:  December 3, 2024

_____
HON. EDWARD M. CHEN
United States District Judge